# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HOWARD MILLER,

                Plaintiff,

    v.

J. SULLIVAN, et al.,

                Defendants.

_____/

CASE NO. 1:06-cv-01352-LJO-DLB PC

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

(Doc. 12)

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

        Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Sullivan and Jabbaar removed this action from the Kern County Superior Court on September 26, 2006. On May 8, 2007, this court granted plaintiff leave to file an amended complaint. Plaintiff's amended complaint, filed June 11, 2007, is the subject of the screening set forth below.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10  the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

11  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

12  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

18  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20  266, 268 (9th Cir. 1982)).

21      B.    Summary of Plaintiff's Complaint

22      The events at issue in this action allegedly occurred at the California Correctional Institution,

23  Tehachapi, California, where plaintiff was formerly incarcerated.  Plaintiff names Warden J. Sullivan

24  and Muslim Chaplin Iman Kanl Abdul Jabbaar as defendants.  Plaintiff is seeking monetary

25  damages, and declaratory and injunctive relief.

26      Plaintiff alleges that on or about June 13, 2004, he sought administrative remedies against

27  defendant Iman Kanl Abdul Jabbaar.  Plaintiff contends that defendant Jabbaar retaliated against him

28  by generating a false write up against him in violation of the Fourteenth Amendment.

1             i.     <u>Retaliation</u>

2             Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

3 the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir.

4 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65

5 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

6 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

7 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

8 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

9 a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

10         Plaintiff alleges that defendant Jabbaar generated a "false write up" in retaliation for plaintiff

11 seeking an administrative remedy. In the write up, defendant Jabbaar indicates that plaintiff had

12 been attempting to discredit defendant's authority, and was negatively influencing other inmates'

13 opinion of defendant in his role as Chaplain. The write up indicates that progressive disciplinary

14 action would be taken against plaintiff if plaintiff persisted in inappropriate conduct.

15         An allegation of retaliation against a prisoner's First Amendment right to file a prison

16 grievance is sufficient to support claim under section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th

17 Cir. 2003). However, plaintiff has not alleged sufficient facts to support a claim that he was

18 retaliated against for filing a grievance and that defendant's actions did not advance any legitimate

19 penological goal. Plaintiff's allegations are insufficient to support a claim that plaintiff was set up

20 in retaliation for filing a staff complaint.

21             ii.     <u>Claim Against Defendant Sullivan</u>

22         Warden Sullivan is named as a defendant. Under section 1983, liability may not be imposed

23 on supervisory personnel for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.

24 When the named defendant holds a supervisorial position, the causal link between the defendant and

25 the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858,

26 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

27 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must

28 allege some facts indicating that the defendant either: personally participated in the alleged

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts supporting a claim that defendant Sullivan personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  Defendant's position as Warden, alone, is not a basis upon which liability may be imposed in this action.

C.      Conclusion

For the reasons set forth in this Findings and Recommendations, the court finds that plaintiff's amended complaint fails to state any cognizable claims for relief under section 1983. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed in its entirety, without leave to amend and with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 13, 2008**          **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

4